UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WE INSURANCE SERVICES, INC., <br><br> Debtor. | |
| LESLIE T. GLADSTONE, Chapter 7 Trustee <br><br> Plaintiff, <br><br> v. <br><br> GRANT MOSELEY INSURANCE AGENCY, INC. et al. <br><br> Defendants. | Case No.: 3:19-CV-1007-CAB-NLS <br><br> **ORDER ON MOTION TO WITHDRAW THE REFERENCE** <br><br> BK Case No.: 17-00099-LA7 <br><br> Adversary Pro. No.: 19-900009-LA <br><br> [Doc. No. 1] |

This matter is before the Court on Defendants motion to withdraw the reference of the first, second, sixth, seventh, and eighth claims asserted in the above-captioned adversary proceeding. [Doc. No. 1.]

Background

On January 10, 2017, chapter 7 bankruptcy proceedings were commenced in the *In re We Insurance Services, Inc.* (BK Case No.: 17-00099-LA7) matter ("Chapter 7 Case"). Plaintiff, Leslie T. Gladstone, was appointed as the Chapter 7 trustee. At the time that the Chapter 7 Case was filed, debtor, We Insurance Services, Inc.

1

("Debtor"), had been operating as an insurance broker, selling consumer insurance policies to the general public.

As a part of the administration of the bankruptcy estate in the Chapter 7 Case, Plaintiff obtained court orders to operate Debtor and address the various outstanding issues it had as an active insurance broker. After a period of administration, Plaintiff filed the above-captioned Adversary Proceeding against Defendants, alleging fraudulent transfers, preferences, disallowance of claim, breach of contract and related theories of recovery. [Case No. 17-00099-LA7, Doc. No. 263.] Plaintiff has alleged that due to claims of $156,000.00 from a wrongful termination lawsuit, and $334,434.00 from the Internal Revenue Service and Franchise Tax Board against Debtor, that Debtor has conspired with its principal Bryan Ells ("Ells"), and Defendants to defeat these creditors' rights by way of fraudulent transfers and other improper transfers of assets and funds. *Id.*

Plaintiff has also filed related adversary proceedings in matter entitled, *Leslie T. Gladstone v. Bryan Ells, et al.* (Adversary Case No.: 19-90011-LA)("Related Adversary Proceeding"). The Related Adversary Proceeding alleges that, starting in or about September 2012, Debtor's principal, Ells, and defendant Grant Moseley ("Moseley") were negligent and breached their fiduciary duty with respect to their management and control of Debtor. [Case No. 19-90011-LA, Doc. No. 1.] It is alleged that Ells and Moseley failed to adequately keep track of accounts receivable, that they failed to maintain corporate formalities, and that they were negligent in other aspects of Debtor's operation, and that they improperly used their corporations as instrumentalities as a way to avoid lawful obligations to various creditors. *Id.*

Legal Standard

District courts have "original but not exclusive jurisdiction" over all bankruptcy proceedings. See 28 U.S.C. § 1334(b). Such proceedings fall into one of two categories: "core proceedings, in which the bankruptcy court may enter appropriate orders and judgment," and "non-core proceedings, which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court

for de novo review." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (quoting 28 U.S.C. § 157) (internal quotation marks omitted).

In the Southern District of California, all bankruptcy cases are automatically referred to the bankruptcy court. On a timely motion, however, any party may seek to withdraw that reference, which is governed by 28 U.S.C. § 157(d). Under Section 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The statute creates two bases for withdrawal: mandatory and permissive. Under either, "[t]he party seeking withdrawal of the reference bears the burden of showing that the reference should be withdrawn." *In re Heller Ehrman LLP*, 464 B.R. 348, 351–32 (N.D. Cal. 2011) (citing *In re Larry's Apartment, LLC*, 210 B.R. 469, 472 (Bankr. D. Ariz. 1997)).

Withdrawal is mandatory where "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). "Overwhelmingly courts and commentators agree that the mandatory withdrawal provision cannot be given its broadest literal reading, for sending every proceeding that required passing 'consideration' of non-bankruptcy law back to the district court would 'eviscerate much of the work of the bankruptcy courts.'" *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 952 (7th Cir. 1996) (quoting *In re Adelphi Inst., Inc.*, 112 B.R. 534, 536 (S.D.N.Y. 1990)). Courts in the Ninth Circuit have concluded that withdrawal is mandatory under Section 157(d) "when [non-title 11] issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *See In re Tamalpais Bancorp*, 451 B.R. 6, 8–9 (N.D.

Cal. 2011). Under this approach, the withdrawing party "must do more than merely suggest that novel issues of law could possibly arise in a bankruptcy proceeding." *Id*.

Withdrawal is permissive "for cause shown." 28 U.S.C. § 157(d). In considering whether a party has shown cause to withdraw the reference, "[i]t is within a district court's discretion to grant or deny a motion for permissive withdrawal of reference; that decision will not be disturbed unless the court abuses its discretion." *In re EPD Inv. Co. LLC*, No. cv 13-05536 SJO, 2013 WL 5352953, at *2 (C.D. Cal. Sept. 24, 2013) (citing *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990)).[1]

DISCUSSION

Here, Defendants argue for mandatory withdrawal of reference of the first, second, sixth, seventh and eighth claims for relief in the Adversary Proceeding pursuant to 29 U.S.C. §157(d) because resolution of these claims requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. [Doc. No. 1 at 8.] However, while the first and second claims for fraudulent conveyance are brought under Bankruptcy law and California law, they still constitute core proceedings under 28 U.S.C. §157.[2] As to the other state law claims, Defendants have made no showing that determination of any of these claims would require anything more than the "mere application" of a non-Title 11 statute, so withdrawal of reference would not be mandated. *In re Tamlpais Bancorp.*, 451 B.R. at 8-9.

---

[1] Defendants have not argued for permissive withdrawal, and the Court finds no basis for it.
[2] Although the Ninth Circuit in *In re Bellingham Insurance Agency, Inc.* held that "fraudulent conveyance claims ... cannot be adjudicated by non-Article III judges," it also stated that 28 U.S.C. § 157(b)(1) provides "bankruptcy courts the power to hear fraudulent conveyance cases and to submit reports and recommendations to the district courts. Such cases remain in the core, and the § 157(b)(1) power to 'hear and determine' them authorizes the bankruptcy courts to issue proposed findings of fact and conclusions of law." *In re Bellingham Ins. Agency, Inc*. 702 F.3d 553, 561, 565-66. Because bankruptcy courts retain the power to hear fraudulent conveyance cases, district courts have regularly denied motions to withdraw references of matters that involve fraudulent conveyances. *In re Roger*, 5:18cv1114-SJO, 2018 WL 3853942, at *3, n. 2 ((C.D. Cal. Aug. 9, 2018)(citations omitted).

Finally, judicial economy will be best served by denying the motion for withdrawal of reference, as "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues. *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir. 1993). Having the bankruptcy court submit proposed findings of fact and conclusions of law in fraudulent conveyance cases "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *In re Healthcentral.com*, 504 F.3d 775, 787-88 (9th Cir. 2007).

## CONCLUSION

For the reasons set forth above, the motion to withdraw reference is **DENIED**. The Clerk of the Court shall **CLOSE** the case.

It is **SO ORDERED**.

Dated: June 10, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge